UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DWAYNE ST. THOMAS, | ) | CASE NO.: 5:24 CV 1956 |
| Plaintiff, | ) ) | JUDGE JOHN ADAMS |
| v. | ) ) ) | **MEMORANDUM OF OPINION ORDER** |
| COMPLETE SERVICE CENTER & TOWING, LLC, | ) ) ) ) ) | |
| Defendant. | ) | |

**Background**

*Pro se* Plaintiff Dwayne St. Thomas has filed a complaint in this case against Complete Service Center & Towing, LLC (Complete Services). (Doc. No. 1.) In his complaint, he states he asserts federal jurisdiction under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692(g). (*See id*. at 3, ¶ II(A).)

In his statement of claim, he states that on October 15, 2024, he sent an "Affidavit of Truth and Notice of Liabilities" to Complete Services regarding "validation of debt" arising from the towing of his vehicle. (*Id.* at 4, ¶ III.) He states that "[a]s a result" of Complete Service's failure to respond to or rebut or his Affidavit disputing the debt, he demands "a sum of $6,000 for damages" and "immediate release" of his vehicle "free and clear." (*Id.* at 4-5, ¶¶ III-IV.)

Plaintiff did not pay the filing fee in the case, but instead, filed a motion to proceed *in forma pauperis*. (Doc. No. 2.) The Court will grant this motion although it

1

does not appear that Plaintiff sincerely attempted to fill out his form application.[1] After he filed his complaint, he filed an "Affidavit of Truth and Notice of Demand for Emergency Summary Judgment." (Doc. No. 3.)

For the following reasons, his complaint is dismissed.

## Standard of Review and Discussion

Federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all in forma pauperis complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissal for failure to state a claim under § 1915(e)(2)(B). *Hill*, 630 F.3d at 470-71. In order to survive a dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. The allegations in the pleading "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations . . . are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

Although *pro se* complaints are generally entitled to liberal construction, the lenient treatment generally accorded pro se pleadings "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf or

---

[1] On his application, Plaintiff filled in "N/A" or "0" with respect to virtually every question on the form regarding his financial circumstances.

2

construct claims for them. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Even under the liberal standard accorded *pro se* pleadings, Plaintiff's complaint on its face fails to state a plausible claim upon which he may be granted relief under the FDCPA. The FDCPA aims to protect consumers from abusive practices of "debt collectors," defined in the Act as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Unlike debt collectors, however, the FDCPA does not protect consumers against their ordinary creditors— entities who extend credit or "to whom a debt is owed." 15 U.S.C. § 1692a(4); *Montgomery v. Huntington Bank*, 346 F.3d 693, 698-99 (6th Cir. 2003);

Nothing in Plaintiff's complaint plausibly suggests that Complete Services is debt collector withing the meaning of FDCPA, rather than an ordinary creditor to which Plaintiff owes a debt for towing services. His complaint therefore fails to state a plausible claim.

Further, the FDCPA applies only to debts which arise out of "transactions" intended "primarily for personal, family, or household purposes." *See* 15 U.S.C. § 1692a(5); *Bauman v. Bank of America*, 808 F.3d 1097, 1100 (6th Cir. 2015). At a minimum, a "transaction" under the FDCPA "must involve some kind of business dealing or other consensual obligation." *Foster v. Amarnek*, No. 3:13–516, 2014 WL 1961245, at *3 (M.D. Tenn. May 14, 2014) (citation omitted). Plaintiff's complaint fails to suggest that his purported debt to Complete Services arose from a "transaction" arising

from a business dealing or consensual obligation intended "primarily for personal, family, or household purposes."[2] Accordingly, his complaint fails to state a claim for this reason as well.

## Conclusion

For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, and his complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Given the dismissal of the complaint, it is not necessary to address Plaintiff's "Affidavit of Truth and Notice of Demand for Emergency Summary Judgment." The Court further certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. 1915(a)(3).

IT IS SO ORDERED.

Date: February 14, 2025        */s/ John R. Adams*
                                                   JUDGE JOHN R. ADAMS
                                                   UNITED STATES DISTRICT COURT

---

[2] To the contrary, it appears his debt arose after his car was towed to Complete Services following his arrest on the highway.